# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS,** on behalf of itself and all others similarly situated**,**

                    Plaintiff,

      -vs.-

**NATIONAL BUSINESS CAPITAL, INC.,**

                Defendant.

**3:12 CV 0531 (JAM)**

<u>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**</u>

      Having reached an agreement in principle following mediation, this Settlement Agreement is entered into between Plaintiff, 3081 Main Street, LLC d/b/a New England Wine and Spirits, on behalf of itself and all others similarly situated ("Plaintiff"), Defendant, National Business Capital ("National Business" or "Defendant") and Defendant's Insurer, Tower National Insurance Company ("Tower') for the purpose of memorializing all terms of settlement, obtaining court approval for the settlement, dismissing this action, and releasing all claims.

<u>**RECITALS**</u>

      WHEREAS, litigation between Plaintiff and National Business (jointly, "the Parties") entitled *3081 Main Street, LLC d/b/a New England Wine and Spirits, et al. v. National Business Capital, Inc.*, Case No. 3:12 CV 0531 (JAM) (the "Litigation") is pending in the United States District Court for the District of Connecticut (the "Court"), which the Parties wish to settle, compromise, and terminate;

      WHEREAS, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, as amended, 47 U.S.C. §227 ("TCPA"), related Federal Communications Commission (FCC) regulations and Conn. Gen. Stat. § 52-570c by sending unsolicited fax advertisements;

      WHEREAS, Plaintiff is a Connecticut corporation whose principal place of business is located at 590 Danbury Road #2, Ridgefield, Connecticut 06877;

WHEREAS, Defendant is a is a New York corporation with its principal place of business at 1 Corporate Drive, Suite 5, Bohemia, New York 11716;

WHEREAS, National Business denies Plaintiff's allegations, as well as any wrongdoing and/or liability arising out of Plaintiff's claims in this action;

WHEREAS, Plaintiff and its counsel and Defendant and its counsel have actively litigated this action and have had a full and fair opportunity to evaluate their claims and respective positions relative to the merits of the Litigation;

WHEREAS, the issues in the Litigation are complex and if fully litigated may result in expensive and ongoing litigation, appeals, and uncertainty as to the outcome;

WHEREAS, Plaintiff and Defendant and their counsel participated in a day-long mediation before Hon. Jonathan E. Silbert (Ret.) and reached a settlement of Plaintiff's individual and Class claims, after which they signed a Settlement Term Sheet and determined that further prosecution and defense of the Class claims could be protracted, burdensome, and expensive, and that it is desirable, fair, and beneficial to the Class that the Litigation now be fully and finally compromised, settled, and terminated as an appropriate resolution to this Litigation;

WHEREAS, Plaintiff and its counsel have determined that the terms of the settlement, as expressed in this Settlement Agreement, are adequate, fair, and reasonable and in the best interest of the Settlement Class;

WHEREAS, it is expressly understood and agreed that this Settlement Agreement is entered solely to (a) resolve the Parties' dispute and dismiss the Litigation; and (b) avoid the expense and uncertainty of ongoing litigation, and that it is not an admission by either of the Parties of any unlawful or wrongful conduct or any liability, which is expressly denied;

WHEREAS, Tower and National Business wish to settle, compromise, and terminate the action entitled *Tower Ins. v. National Business Capital, Inc.*, Index No. 155786/2012 currently pending in the New York State Supreme Court, New York;

NOW, THEREFORE, the Parties, intending to be legally bound, hereby agree as follows:

1.      **Definitions**.

(a)      "Action," "Litigation," or "Matter" refers to Plaintiff's Class Action Complaint, bearing Action No. 3:12 CV 0531 (JAM).

(b)      As used herein "Administrator" or "Claims Administrator" refers to Tilghman & Co., PC, located at 3415 Independence Drive, Suite 102, Birmingham, AL 25209, that is, the entity retained by the Parties to administer the settlement in good faith in accordance with the Settlement Agreement and related Court Orders.

(c)     "Administration Costs" means all costs and fees for administration of the Settlement, including, but not limited to, publication of Class Notice, processing of Claim Forms, website creation for claims administration, disbursements to approved third-party vendors in connection with carrying out the Agreement and disbursements to all recipients of funds from the Settlement Fund.

(d)     "Agreement" or "Settlement Agreement" means this Settlement Agreement, as executed between the Parties, Tower and their respective counsel.

(e)     "Attorneys' Fees" shall have the meaning assigned to that term in Paragraph 9 of the Settlement Agreement.

(f)     "CAFA" refers to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*

(g)     "CAFA Notice" shall have the meaning assigned to that term in Paragraph 5 of the Settlement Agreement.

(h)     "Cash Award" shall have the meaning assigned to that term in Paragraph 9 of the Settlement Agreement.

(i)     "Cash Payment" shall have the meaning assigned to that term in Paragraph 9 of the Settlement Agreement.

(j)     "Claim" shall have the meaning assigned to that term in Paragraph 6 of the Settlement Agreement.

(k)     "Claim Form" shall have the meaning assigned to that term in Paragraph 6 of the Settlement Agreement, and will be substantially in the form annexed hereto as Exhibit 3.

(l)     "Claimant" refers to an individual seeking to make a claim pursuant to the procedure outlined in Paragraph 6 of the Settlement Agreement.

(m)     "Class" or "Settlement Class" means anyone who, from April 10, 2008 through April 10, 2012, was sent or caused to be sent one or more facsimile advertisements by Defendant, its employees, agents, vendors or contractors.

(n)     "Class Counsel" means Aytan Y. Bellin, Esq., Bellin & Associates, LLC, 85 Miles Avenue, White Plains, New York 10606.

(o)     "Class List" shall have the meaning assigned to that term in paragraph 4(b) of the Settlement Agreement.

(p)     "Class Member" or "Settlement Class Member" means all persons or entities, who did not validly and timely opt out, and who, from April 10, 2008 through April 10, 2012, was sent or caused to be sent one or more facsimile advertisements by Defendant, its employees and/or agents.

3

(q)     "Class Notice" shall have the meaning assigned to that term in Paragraph 4 of the Parties' Settlement Agreement, and the Forms of Class Notice—*i.e.*, the Short-Form Notice and the Long-Form Notice—which are attached hereto as Exhibits 1 and 2.

(r)     "Class Period" is defined as the period from April 10, 2008 through April 10, 2012.

(s)     "Class Representative" means Plaintiff 3081 Main Street, LLC d/b/a New England Wine and Spirits.

(t)     "Court" means the United States District Court for the District of Connecticut.

(u)     "Credible Evidence" shall have the meaning assigned to that term in Paragraph 6(a) of the Settlement Agreement.

(v)     "Defendant" or "National Business" shall mean Defendant National Business Capital, Inc.

(w)     "Defendant Releasors" shall have the meaning assigned to that term in Paragraph 12(b).

(x)     "Deficiency Letter" shall have the meaning assigned to that term in Paragraph 6(c) of the Settlement Agreement.

(y)     "Disputed claim" shall have the meaning assigned to that term in Paragraph 6(c) of the Settlement Agreement.

(z)     "Fairness Hearing" shall mean a hearing for the Final Approval of the Settlement Agreement and the entry of a Final Approval Order.

(aa)     "Final Approval Order" means the order and form of judgment approving this Agreement, dismissing the claims against National Business with prejudice, and retaining jurisdiction to enforce the terms of this Agreement.

(bb)     "Incentive Award" means the agreed-upon amount of individual payment to Plaintiff for serving as the class representative, separate from the Claims process.  The Incentive Award is to be distributed in accordance with Paragraph 10 of the Settlement Agreement.

(cc)     "Injunctive Relief" shall have the meaning assigned to that term in Paragraph 3 of the Settlement Agreement.

(dd)     "Incomplete Claim Form" or "Ambiguous Claim Form" shall have the meaning assigned to that term in Paragraph 6(c) of the Settlement Agreement.

(ee)   "Opt Out" shall refer to the right of any Class Member to be excluded from the Settlement Class, pursuant to Paragraph 7 of the Settlement Agreement.

(ff)   "Parties" means, collectively, Plaintiff and Defendant.

(gg)   "Plaintiff" shall refer to 3081 Main Street, LLC d/b/a New England Wine and Spirits.

(hh)   "Plaintiff Releasors" shall have the meaning assigned to that term in Paragraph 12(a) of the Settlement Agreement.

(ii)   "Preliminary Approval Order" means the Order from the Court preliminarily approving the settlement of this Action.

(jj)   "Released Claims" shall have the meaning assigned to that term in Paragraphs 11(a) and (b) of the Settlement Agreement.

(kk)   "Released Defendant Parties" shall have the meaning assigned to that term in Paragraph 12(a) of the Settlement Agreement.

(ll)   "Released Plaintiff Parties" shall have the meaning assigned to that term in Paragraph 12(b) of the Settlement Agreement.

(mm)   "Settlement Fund" means the maximum amount of $225,000.00, which Defendant promises to pay as its total cash obligation under this Agreement to be applied in accordance with Paragraph 2(a) of the Settlement Agreement.

(nn)   "Tower" shall refer to Tower National Insurance Company.

(oo)   "Valid Claim" shall have the meaning assigned to that term in Paragraph 6 of the Settlement Agreement.

2.   **Settlement Payment**.

(a) Payment. In consideration of the settlement and dismissal of the Settlement Class' claims, Defendant has agreed to pay an amount no greater than $225,000 (the "Settlement Fund") in full and final settlement of all claims in the Litigation, including payment of Valid Claims by members of the Settlement Class ("Claimants"), Plaintiff's Incentive Award  if authorized by the Court, Attorneys' Fees, expenses and costs ("Attorneys' Fees") of Class Counsel to the extent authorized by the Court, and all fees and costs associated with Claims Administration and Claims Administrator.  Payment of the $225,000 settlement amount will be made by the Defendant's insurer Tower National Insurance Company.

The Settlement Fund will be created after all valid Claims have been processed.  In the event the amount set forth above is insufficient to cover the payment of all Valid Claims, Attorney's Fees and the Incentive Award, the Attorneys Fees and Incentive Award shall be paid

out first, and then the balance of the Settlement Fund will be distributed on a pro rata basis (based on the amount that a Claimant would have otherwise received under paragraph 8 below). After the payment of all Attorneys' Fees, the Incentive Award, Valid Claims, and all fees and costs associated with the Claims Administration, then any remaining balance of the Settlement Fund will be distributed to a *cy pres*, selected by Plaintiff and approved by the Court.

(b) <u>Preliminary Approval</u>.  As soon as practicable after the execution of this Settlement Agreement, Class Counsel, on behalf of the Class and National Business, shall file a motion for Preliminary Approval of the Class Action Settlement in the United States District Court for the District of Connecticut, requesting, among other things, (i) the Court's preliminary approval of the Agreement, (ii) conditional certification of a Settlement Class, (iii) appointment of Class Counsel, (iv) approval of the Class Notice, (v) scheduling a date for the Opt-Out Deadline, (vi) a finding that the methods of Class Notice specified in the Settlement Agreement are the only forms of notice required and that such notice satisfies the requirements of Due Process and Rule 23 of the Federal Rules of Civil Procedure, (vii) scheduling a Fairness Hearing for Final Approval of this Settlement Agreement, and (viii) the entry of a Preliminary Approval Order.

(c) <u>Failure to Receive Approval</u>.  In the event this Settlement Agreement, and any resulting order or judgment do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, this Settlement Agreement shall have no force and effect, and the Parties shall be restored to their respective positions as of November 11, 2014.  Defendant's agreement to this Settlement Class shall not be deemed a waiver of its right to object to or appeal any classes certified in this action other than the Settlement Class.

3.      **Injunctive Relief**.  Defendant agrees to the entry of a permanent injunction prohibiting it from advertising by fax in violation of the TCPA, 47 U.S.C. § 227, and Conn. Gen. Stat. § 52-570c.

4.      **Class Notice**. Claim Form and Class Administration.

(a) <u>Persons to Receive Class Notice and Claim Form</u>.  The Class Administrator shall transmit and publish a Notice ("Class Notice") of this Settlement Agreement to members of the Class, including notice of the Preliminary Approval Order, the date scheduled for the Fairness Hearing, and right to Opt-Out, in accordance with paragraph (f) below.

(b) <u>Class List</u>.  To the extent feasible, Plaintiff shall provide the Claims Administrator with a list of all known members of the Settlement Class ("Class List"), including the facsimile number.

(c) <u>Form of Class Notice</u>.  The Short-Form Notice and Long-Form Notice shall be issued in the form as attached hereto as Exhibits 1 and 2.

(d) <u>Claim Form</u>.  The Claim Form shall be issued in the form as attached hereto as Exhibit 3.

(e) <u>Costs of Notice and Class Administration</u>.  All costs associated with Class Notice and Claims Administration will be paid from the Fund (as defined herein).

(f) <u>Transmission of Class Notice</u>.

(i)     The Short-Form Notice shall be sent via facsimile to Settlement Class Members by the Claims Administrator, using those facsimile numbers that were previously used to send facsimile communications concerning Defendant's products and services, and contained in the Class List.

(ii)    In addition, a modified version of the Short-Form Notice will be published over a four week period once a week.  Two of the publications will be in USA Today and two of the publications will be in the Wall Street Journal.

(iii)   The Claims Administrator shall disseminate the Short-Form Notice within 21 days following the entry of the Preliminary Approval Order.

(g) <u>Records.</u>   All records of the Class Administrator, including but not limited to Claim Forms submitted by the Settlement Class or persons claiming to be members of the Settlement Class, shall be available for inspection by any Party or its attorneys on three (3) business days' notice to the Claims Administrator, or such shorter period of time as necessary under the circumstances.

5.      **CAFA Notice**.  The Claims Administrator will be responsible for preparing and disseminating the requisite CAFA Notice to all necessary recipients, and all expenses and costs related thereto shall be paid from the Settlement Fund.

6.      **Procedure for Making a Claim**.

(a) <u>Valid Claim</u>.  In order to make a claim, Settlement Class Members will be required to submit a Valid Claim Form, along with Credible Evidence (as defined in paragraph 6(b) below) of receipt from National Business during the Class Period, of one or more fax advertisements from April 10, 2008 through April 10, 2012, as defined by the TCPA, at a facsimile number owned or controlled by the Class Member.

(b) <u>"Credible Evidence"</u>.  Credible Evidence shall be considered either

(1) a copy of the fax or faxes received from National Business which meet the requirements set forth above; or

(2) an affidavit or declaration under penalty of perjury identifying a facsimile number, which appears on the Class List, and stating that::

(i) Claimant received the fax advertisement(s) from Defendant;

(ii) Claimant received the fax advertisement(s) between April 10, 2008 through April 10, 2012;

(iii) the facsimile number at which Claimant received the fax or faxes from Defendant; and

(iv) Claimant (or the business or other entity on behalf of whom Claimant is making a Claim) owned or controlled the fax machine where Claimant received the fax or faxes.

(c) <u>Submission of Valid Claim Form</u>.

(i)     A Claimant must submit a Valid Claim Form and Credible Evidence by First Class mail to the Claims Administrator, postmarked by the deadline set forth on the Short-Form Notice, which shall be 45 days after the date of issuance of the Short-Form Notice.

(ii)     A Claim Form shall be deemed timely submitted if postmarked by the deadline described in (b)(i) above or if received by the Claims Administrator at the address specified no later than ten days after the deadline set forth in the Notice.

(iii)     The Claims Administrator shall deny a Claim in the event there is insufficient Credible Evidence of receipt of a fax from National Business, in which case the Claims Administrator shall issue a Deficiency Letter, as defined below.

(d) <u>Incomplete or Ambiguous Claim Form</u>.  If the Claims Administrator receives a Claim Form and/or evidence that it believes is not complete or is ambiguous, the Claims Administrator shall forward the same to counsel for the Parties.  Counsel for the Parties shall confer and reasonably and in good faith make a joint determination as to whether the Claim Form and/or evidence are sufficient.  If counsel do not agree as to whether the Claim Form and/or evidence are sufficient, or they agree that the Claim Form and/or evidence is insufficient, the Claims Administrator shall fax or mail a letter (the "Deficiency Letter") to the purported Claimant pointing out the deficiencies and requesting that the purported Claimant correct them.

The purported Claimant shall have 20 days after the date on the Deficiency Letter to respond.  If upon receiving a timely response to a Deficiency Letter, the Claims Administrator determines that the response still is not complete or is ambiguous, the Claims Administrator shall forward that response to counsel for the Parties, who shall confer, reasonably and in good faith. The response to the Deficiency Letter shall only be counted as a valid claim if both Parties agree that it is a Valid Claim.

If the Parties do not agree, the claim shall be deemed a "Disputed Claim."  Either Party may (but need not) request within ten (10) days that the Court make a final determination regarding the Disputed Claim.  The Claims Administrator will treat Disputed Claims as invalid until the Court rules otherwise.  The Court's decision will be final.

7. **Right to Opt-Out or Object**.

(a) Any member of the Settlement Class may elect to be excluded from this Agreement by sending a letter to the Claims Administrator, postmarked within 45 days after the date on the Short- Form Notice, indicating that the member of the Settlement Class opts out of the Agreement.  Any member of the Settlement Class who opts out, shall not be bound by this Agreement or entitled to any of the benefits.

(b) Any member of the Settlement Class may object to this Agreement by sending a letter within 45 days after the date on the Short-Form Notice.  The letter shall include the Settlement Class Member's name, address, telephone number, and the reasons for the objection. The letter shall be sent to all three of the following addresses:

(i) Clerk of the Court, United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604;

(ii) Aytan Y. Bellin, Esq., Bellin & Associates, 85 Miles Avenue, White Plains, NY 10606; and

(iii) Sean R. Caruthers, Esq., Milano & Wanat LLC, 471 East Main Street, Branford, CT 06405.

8. **Termination of the Settlement Agreement**.  It at least one hundred (100) Class Members opt out of the Settlement, the Settlement Agreement is voidable at Defendant's option. If National Business voids this Settlement Agreement, then the Parties will be returned to their respective statuses immediately prior to the execution date of the Settlement Agreement, and will proceed in the United States District Court for the District of Connecticut as if this Settlement Agreement had never been entered into.

9. **Payment of Claims**.  Claimants who submit actual copies of facsimiles as provided above will be eligible for a maximum Cash Award of $500 per fax that is submitted. Claimants who submit an affidavit or declaration certifying under penalty of perjury, that Claimant received One (1) fax advertisement from National Business between April 10, 2008 and April 10, 2012 shall be eligible for a cash payment of $175.  A Claimant who submits an affidavit or declaration certifying, under penalty of perjury, that the Claimant received more than one (1) fax advertisement from National Business may be eligible for a maximum cash payment of $275, depending on the number of facsimiles the Claimant allegedly received, as set forth in the following schedule:

| Number of Faxes Pursuant to Declaration | Total Cash Payment to Claimant |
|---|---|
| 1 | $175 |
| 2 | $200 |
| 3 | $225 |

9

| 4 | $250 |
|---|---|
| 5 or more | $275 |

Each Claimant will be entitled to a single cash payment, and no Claimant will be entitled to submit more than one Claim Form.  Multiple subscribers to the same fax number will be entitled to a single payment.  Payments to Claimants will be distributed via first class mail within 90 days after the final Court approval of the Agreement and the resolution of all Disputed Claims, provided that no appeal by a Claimant or third-party has been filed.  If any such appeals are filed, then payment shall be made within 60 days after resolution of any and all such appeals.

If any Settlement Class member fails to cash a settlement check within six months after mailing, the Claims Administrator may stop payment or decline to honor the check (this limitation will appear on the check), and the Claims Administrator and the Defendant shall be released from any obligation to pay monetary relief to such member of the Settlement Class. Any amounts remaining in the Class Fund 120 days after payment of all eligible claims and Class Counsel's attorneys' fees shall be awarded, with the consent and approval of the Court, as a *cy pres* payment to an established, charitable organization selected by Plaintiff.

10. **Attorneys' Fees.** Class Counsel shall file a Motion for Attorneys' Fees.  Such motion shall be filed no later than 30 days after the Claims Administrator sends out the Short-Form Notice to the Class or by such a date as ordered by the Court.  In this Motion, Class Counsel intends to request Court approval for an award of fees not in excess of one-third of the maximum Settlement Fund, *i.e.*, one-third of $225,000.00.

Defendant will not oppose or object to Class Counsel's Motion for Attorneys' Fees that are in an amount up to one-third of the maximum Settlement Fund. The amount awarded by the Court shall be paid from the Settlement Fund as described in paragraph 2.  The payment of Attorneys' Fees, expenses and costs shall be paid no later than 60 days after the Court issues its Final Approval Order concerning this Agreement and the Motion for Attorneys' Fees (provided that there is no appeal by a Claimant or third-party).

11. **Incentive Award**.  The Incentive Award to the class representative shall be $6,000 in total.  This Incentive Award is separate from the individual claims of the Class Representative.  Thus, the Class Representative is entitled to an individual payment as a Class Member for its claim, as well as the Incentive Award.  If approved by the Court, payment of the Incentive Award shall be issued no later than 60 days after the Court enters a Final Approval Order, provided there is no appeal by a Claimant or third-party.

12. **Releases**.

(a) In consideration for the payments described in this Agreement, and other good and valid consideration, Plaintiff, those Settlement Class Members who have not opted out of the Class and who do not opt out of the Settlement Class (whether or not such Settlement Class Members submit claims), and their attorneys, agents, employees, officers, directors and

10

shareholders (the "Plaintiff Releasors") forever release Defendant and its former, present, and future attorneys, agents, insurers, including Tower National Insurance Company, and its predecessors and successors, employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, parent companies, predecessors in interest, successors and assigns, and all persons, natural or corporate, in privity with any one or more of them (the "Released Defendant Parties") of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, contracts, agreements, extra contractual claims, damages, punitive damages, statutory damages, expenses, acts, costs, attorneys' fees and/or obligations of any kind which are or could be based on, arise from or relate in any way to Defendant's alleged sending or transmission of fax advertisements to Plaintiff and/or to the Plaintiff Releasors from April 10, 2008 through April 10, 2012, including but not limited to the sending of faxes without consent or permission, and/or the sending, transmission of faxes with an opt-out notice that is not compliant with the requirements of the TCPA or FCC regulations or other state or federal law or regulations, and/or the sending of faxes that fail to comply with any other requirements of state, federal or local law, whether or not said faxes are identical to, similar to, or different from the faxes attached as an exhibit to the Plaintiffs' Complaint, and whether or not based on the TCPA or other statutory or common law theory (collectively, the "Released Claims").

(b) In consideration for the Plaintiff Releasors' release, dismissal of this case with prejudice, and other good and valid consideration, Defendant and its attorneys, agents, employees, officers, directors and shareholders (the "Defendant Releasors") will forever release Plaintiff and its attorneys, agents, employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, parent companies, predecessors in interest, successors and assigns, and all persons, natural or corporate, in privity with any one or more of  them (the "Released Plaintiff Parties") of and from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, damages, punitive damages, statutory damages, expenses, acts, costs, and/or attorneys' fees of any kind which arise from Defendant's alleged sending or transmission of fax advertisements to Plaintiff and/or to the Plaintiff Releasors from April 10, 2008 through April 10, 2012, including but not limited to the sending of faxes without consent or permission, and/or the sending or transmission of faxes with an opt-out notice that is not compliant with the requirements of the TCPA or FCC regulations or other state or federal law or regulations, and/or the sending of faxes that fail to comply with any other requirements of state, federal or local law, whether or not said faxes are identical to, similar to, or different from the faxes attached as an exhibit to the Plaintiffs' Complaint, and whether or not based on the TCPA or other statutory or common law theory (collectively, the "Released Claims").  To be clear, this is not a general release of all claims against Plaintiff Releasees.  Specifically, this release does not include any claims for breach of contract, breach of fiduciary duty, non-payment, or any other claims which arise from any services provided by National Business to Plaintiff Releasors, or any relationship with others. This release may not be raised as a defense in any collection action, action to enforce a note or other financing agreements, action to enforce or execute a judgment, any garnishment action or any action to enforce a lien.

13.    **Agreement Subject to Preliminary and Final Approval**.  This Agreement is subject to preliminary and final approval by the Court.  If this Agreement is not finally approved

11

by the Court (or affirmed on appeal, if any appeals are taken by any Claimants or third parties), then any and all obligations of the parties under this Agreement are null and void.  Plaintiff shall file a Motion for Final Approval by the deadline set by the Court.

14.     **Dismissal with Prejudice.**  Upon final approval by the Court and full payment of all Valid Claims, Incentive Payment and Attorneys' Fees (subject to the terms of the Agreement including the Settlement Fund as applicable), the entire Litigation shall be dismissed with prejudice.

15.     **Settlement of New York action.**  This Agreement also includes the settlement of the action entitled *Tower Ins. v. National Business Capital, Inc.*, Index No. 155786/2012 currently pending in the New York State Supreme Court, New York County ("New York action").  Tower agrees to pay the sum of $5,000 payable to National Business in full payment for all legal fees paid by National Business in the New York action and the Litigation and Tower's continued acceptance of its duty to defend and indemnify National Business for this Settlement Agreement, as well as subsequent cases arising out of potential Class Members' decisions to opt-out and pursue their claims individually in the Litigation.

16.     **Confidentiality**.  Defendant's financial records, provided by Defendant to class counsel as part of settlement discussions, shall be confidential.  Except as required (1) by law; (2) to prosecute or defend a case; (3) by court order; (4) to facilitate this settlement; or (5) to report or prepare taxes, the parties will keep the terms of this settlement confidential.

17.     **Interpretation.**  This Agreement contains the entire agreement among the Parties and supersedes any prior agreements or understandings among them.

18.     **Headings.**  The headings in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

19.     **Amendment**.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their counsel and approved by the Court.

20.     **Construction**.  For the purpose of construing or interpreting this Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any of the Parties.

21.     **Integration of Recital Paragraphs and Exhibits**.  The Recital paragraphs and exhibits to this Agreement are an integral and material part of the Settlement and are hereby made a part of the Agreement.

22.     **Jurisdiction**.  The Parties agree to the Court's exercising continuing jurisdiction over the Parties to this Agreement, the Settlement Class Members, the claims asserted in the Lawsuit, the claims made by the Settlement Class Members (including the determination of any challenges thereto), the claims and causes of action released herein, and any other claims arising out of or relating to this Litigation.

23.    **No Admission.** Neither this Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, the Preliminary Approval Order or the Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action except in an action brought to enforce the terms of this Agreement or except as may be required by law or court order. The provisions of this paragraph shall be binding regardless of whether the Agreement is approved by the Court or any other court.

24.    **Governing Law.** This Agreement shall be governed by and construed in accordance with Connecticut law.

25.    **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or electronic transmission, all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this Settlement to be executed as of the dates set forth below:

Date: __11 | 17 | 14__

3081 Main Street LLC d/b/a New
England Wine and Spirits on behalf
of itself and all other similarly situated
By: Craig Moskowitz

Date: _____

National Business Capital, Inc.
By: _____

Date: _____

Tower National Insurance Company
By: Max Gershweir, Esq.

APPROVED AS TO FORM:

By: _____              By: _____

13

23.     **No Admission.**  Neither this Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, the Preliminary Approval Order or the Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action except in an action brought to enforce the terms of this Agreement or except as may be required by law or court order.  The provisions of this paragraph shall be binding regardless of whether the Agreement is approved by the Court or any other court.

24.     **Governing Law.**  This Agreement shall be governed by and construed in accordance with Connecticut law.

25.     **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or electronic transmission, all of which together shall constitute one and the same instrument.


IN WITNESS WHEREOF, the undersigned have caused this Settlement to be executed as of the dates set forth below:

_____          Date: _____
3081 Main Street LLC d/b/a New
England Wine and Spirits on behalf
of itself and all other similarly situated
By:  Craig Moskowitz


_____          Date: _____
National Business Capital, Inc.
  By: _____


_____          Date: _11/14/14_____
Tower National Insurance Company
  By: Max Gershweir, Esq.


APPROVED AS TO FORM:

  By: _____          By: _____

13

23.   **No Admission.** Neither this Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, the Preliminary Approval Order or the Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action except in an action brought to enforce the terms of this Agreement or except as may be required by law or court order. The provisions of this paragraph shall be binding regardless of whether the Agreement is approved by the Court or any other court.

24.   **Governing Law.** This Agreement shall be governed by and construed in accordance with Connecticut law.

25.   **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or electronic transmission, all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this Settlement to be executed as of the dates set forth below:

_____          Date: _____

3081 Main Street LLC d/b/a New
England Wine and Spirits on behalf
of itself and all other similarly situated
By: Craig Moskowitz

_____          Date: _11/18/14_

National Business Capital, Inc.
By: _Jack Hassu_

_____          Date: _____

Tower National Insurance Company
By: Max Gershweir, Esq.

APPROVED AS TO FORM:

By: _____          By: _____

13

Name: Sean R. Caruthers, Esq.
      Milano & Wanat LLC
      471 East Main Street
      Branford, CT 06405
      (203) 315-7000

Title:  Counsel for Defendant
      National Business Capital, Inc.

Date:  November 18, 2014

Name: Aytan Y. Bellin, Esq.
      Bellin & Associates, LLC
      85 Miles Avenue
      White Plains, New York 10606
      (914) 358-5345

Title:  Counsel for Plaintiff
      3081 Main Street, LLC d/b/a New
      England Wine and Spirits

Date:  November 18, 2014

**14**

# EXHIBIT 1

LEGAL NOTICE

**LEGAL NOTICE**

_____, 2014

## If you received a facsimile advertisement from National Business Capital, Inc. between A p r i l  1 0 ,  2008 and April 10, 2012, you could get a payment from a class action settlement.

A settlement has been proposed in a class action lawsuit against National Business Capital, Inc. which claims that National Business Capital, Inc. violated the Telephone Consumer Protection Act ("TCPA") by sending or causing to be sent certain facsimile advertisements.

The United States District Court for the District of Connecticut authorized this notice. Before any money is distributed to eligible individuals, the Court will conduct a hearing to decide whether to approve the settlement.

### Who's Included?

You may be a Class Member and could get benefits if you received a facsimile advertisement(s) that was sent or caused to be sent by N a t i o n a l  B u s i n e s s  I n c . between April 10, 2008 to April 10, 2012.

If you're not sure you are included, you can get more information, including a detailed notice, at www.nationalbusinessclassaction.net or by calling toll free _____.

### What's this About?

The lawsuit is about whether, from April 10, 2008 through April 10, 2012, National Business Capital, Inc. sent or caused to be sent facsimile advertisements to persons in the United States without consent and/or without required opt out language. National Business Capital, Inc. denies it did anything wrong. The Court did not decide which side was right. But both sides agreed to the settlement to resolve the case and c o m p e n s a t e  t h e  e l i g i b l e  fax advertisement recipients. The two sides disagree on how much money could have been awarded if the Plaintiff had won at a trial.

### What does the Settlement Provide?

National Business Capital, Inc. agreed to create a Settlement Fund of $225,000 from which Class Members who send in valid Claim Forms will receive compensation. A Settlement Agreement and more comprehensive notice, describing the proposed settlement in more detail, are available at www.nationalbusinessclassaction.net.

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Class Members send in and how many fax advertisements sent or caused to be sent by National Business Capital, Inc. you received. The Defendant has agreed to pay no greater than $225,000 into a Settlement Fund a total of which shall be used for the payment of all Valid Claims, attorneys' fees and costs, and an incentive payment to the Class Representative. More information concerning these payments is available on the detailed notice at www.nationalbusinessclassaction.net.

### How do you Ask for a Payment?

A detailed notice and Claim Form contain all of the information you need to make a claim. Just visit www.nationalbusinessclassaction.net to get the detailed notice and claim form. **Claim forms must be postmarked by _ _ _ _ _ _ _ _ _, 2014.**

### What are your Other Options?

If you don't want to be legally bound by the Settlement, you must exclude yourself by mailing an exclusion request **postmarked by _____, 2014** or you won't be able to sue, or continue to sue, National Business Capital, Inc. about the legal claims in this case. If you exclude yourself, you can't get money from this Settlement. If you stay in the Settlement, you may object to it by mailing an objection postmarked by _____, **2014**. The detailed notice explains how to exclude yourself or object.

The Court will hold a hearing in this case (*3081 Main Street, LLC d/b/a New England Wine and Spirits. v. National Business Capital, Inc.*, Civil Action No. 3:12 CV 00531 (JAM)) on _____, **2014 at _____**, to consider whether to approve the Settlement Agreement. You may ask to appear at the hearing, but you don't have to. For more information, please visit www.nationalbusinessclassaction.net., call toll free _____ , or write to National Business Capital Settlement, Tilghman & Co., P.O. Box ____, Birmingham, AL _____.

For more information about this proposed settlement and how to make a claim or opt-out, please visit www.nationalbusinessclassaction.net or call _____.

# EXHIBIT 2

# If you received an advertising facsimile from National Business Capital, Inc., between April 10, 2008 and April 10, 2012, you may be entitled to receive a payment from a class action settlement.

A federal court authorized this notice.   This is not a solicitation from a lawyer.

- The settlement resolves a lawsuit over whether, from April 10, 2008 to April 10, 2012, National Business Capital, Inc. sent or caused to be sent facsimile advertisements to persons in the United States, without consent and/or without an opt out notice, allegedly in violation of the Telephone Consumer Protection Act ("TCPA") and/or FCC Regulations; it avoids costs and risks to you from continuing the lawsuit; pays money to certain fax advertisement recipients; and releases National Business Capital, Inc. from any liability.

- The settlement will provide for a Settlement Fund of $225,000 ("Settlement Fund") from which to pay (i) claims to recipients of facsimile advertisements, that were sent or caused to be sent by National Business Capital, Inc. between April 10, 2008 to April 10, 2012, (ii) all costs of administering the Settlement, and (iii) counsel fees to Plaintiff's attorneys.

- Court-approved lawyers for fax advertisement recipients will ask the Court for up to one-third of the Settlement Fund ($74,925) as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money could have been awarded if fax advertisement recipients won at trial.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment.   This is the only option that allows you to ever be part of any other lawsuit against National Business Capital, Inc. about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement Agreement. Payments will be made if the Court approves the Settlement Agreement and after appeals are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..................................................... **PAGE 3**

    1. Why did I get this notice package?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ............................................ **PAGE 4**

    5. How do I know if I am part of the settlement?
    6. Are there exceptions to being included?
    7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ..................................... **PAGE 4**

    8. What does the Settlement Agreement provide and how much will my payment be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ................... **PAGE 5**

    9. How can I get a payment?
   10. When would I get my payment?
   11. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................ **PAGE 6**

   12. How do I get out of the settlement?
   13. If I don't exclude myself, can I sue National Business Capital, Inc. for the same thing later?
   14. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** ....................................... **PAGE 6**

   15. Do I have a lawyer in the case?
   16. How will the lawyers representing the Class be paid?

**OBJECTING TO THE SETTLEMENT** ....................................... **PAGE 7**

   17. How do I tell the Court that I don't like the settlement?
   18. What's the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ....................................... **PAGE 7**

   19. When and where will the Court decide whether to approve the Settlement Agreement?
   20. Do I have to come to the hearing?
   21. May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................... **PAGE 8**

   22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ........................................... **PAGE 8**

   23. Are there more details about the settlement?
   24. How do I get more information?

QUESTIONS?  VISIT **WWW.NATIONALBUSINESSCLASSACTION.NET** OR CALL _____
TOLL FREE

# BASIC INFORMATION

### 1.   Why did I get this notice package?

You or someone in your family or business may have received a facsimile advertisement sent or caused to be sent by National Business Capital, Inc. between April 10, 2008 and April 10, 2012.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement Agreement.  If the Court approves it, and after objections and appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the Settlement Agreement allows.   You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Connecticut, and the case is captioned *3081 Main Street, LLC d/b/a New England Wine and Spirits v. National Business Capital, Inc.*, Civil Action No. 3:12 CV 00531 (JAM).  The entity who is suing is called the Plaintiff and the company being sued, National Business Capital, Inc., is called the Defendant.

### 2.   What is this lawsuit about?

The lawsuit claims that from April 10, 2008 through April 10, 2012, National Business Capital, Inc. sent or caused to be sent facsimile advertisements to persons in the United States, which allegedly violated the TCPA and related Federal Communications Commission Regulations.   National Business Capital, Inc. denies any wrongdoing.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, 3081 Main Street, LLC) sue on behalf of other individuals or entities who have similar claims.   The people or entities with similar claims are called Class Members, and collectively are called a Class.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Honorable Jeffrey Alker Meyer, U.S.D.J. is in charge of this class action.

### 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant.  The Plaintiff thinks it could have been awarded up to $1,500 per facsimile advertisement sent or caused to be sent by  National Business Capital, Inc. if it won a trial.  The Defendant thinks the Plaintiff would not have been awarded  anything after a trial.  But there was no trial.  Instead, both sides have agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5.  How do I know if I am part of the settlement?**

Everyone who fits this description is a Settlement Class Member:  All persons in the United States who from April 10, 2008 to April 10, 2012 were sent or caused to be sent by National Business Capital, Inc. a facsimile advertisement.

**6.  Are there exceptions to being included?**

You are not a Class Member if you are an officer or director of National Business Capital, Inc., or were one between April 10, 2008 to April 10, 2012, or if the facsimile you received was not an advertisement.  Also, immediate family members of National Business Capital, Inc. officers and directors are not in the Class. You are also not a Class Member if you previously opted out of the Class.

**7.  I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help.  You can call _____ or visit www.nationalbusinessclassaction.net for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.


## THE SETTLEMENT BENEFITS—WHAT YOU GET

**8.  What does the settlement provide and how much will my payment be?**

National Business Capital, Inc. will pay $225,000 into a Settlement Fund, a portion of which will be distributed to Class Members so long as they  timely submit proper Claim Forms to the Claims Administrator.  More specifically, Claimants who submit actual copies of fax advertisements they received from National Business Capital, Inc. will be eligible for a Cash Award of $500 per fax that is submitted.

Claimants who do not have actual copies of the fax advertisements (as described above), but submit a sworn declaration or affidavit certifying, among other things, that they received one (1) fax advertisement from National Business Capital, Inc. during the relevant timeframe will be eligible for a cash payment of $175.  If a Claimant contends to have received more than one (1) fax advertisement from National Business Capital, Inc., Claimant must identify the number of facsimiles purportedly received.  A Claimant who swears, under penalty of perjury, to having received more than one (1) facsimile from National Business Capital, Inc. during the relevant time period, may be eligible for additional compensation, depending on the number of facsimiles the Claimant received, as set forth in the following schedule:

| Number of Faxes Pursuant to Declaration | Total Cash Payment to Claimant |
|---|---|
| 1 | $175 |
| 2 | $200 |
| 3 | $225 |
| 4 | $250 |
| 5 or more | $275 |

Each claimant will be entitled to a single cash payment, and no claimant will be entitled to submit more than one Claim Form.  Multiple subscribers to the same fax number will be entitled to only a single payment.  If the amount required to pay Valid Claims, the Incentive Award and attorneys' fees, as set forth below, amount to greater than $225,000, then after the attorneys' fees, and the Incentive Award are subtracted, the remainder of the $225,000 will be distributed on a reduced *pro rata* share calculated from the amount of payment the Claimant would have received as set forth above.  Payments to Claimants will be distributed 90 days after the final court approval of the Settlement Agreement or after the final resolution of any appeals that are filed.  Any funds that remain unpaid shall be distributed as a *cy pres* payment to an established, charitable organization selected by Plaintiff.

The number of claimants who submit Claim Forms varies widely from case to case.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 9.  How can I get a payment?

To qualify for payment, you must send in a Claim Form.  A Claim Form is attached to this Notice.  You may also get a Claim Form on the internet at www.nationalbusinessclassaction.net.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2014.

### 10.  When would I get my payment?

The Court will hold a hearing on _____, 2015 at ____, to decide whether to approve the Settlement Agreement.  If Judge Meyer approves the Settlement Agreement, Class Members who have objected to the Settlement Agreement may appeal the Judge's decision.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Everyone who sends in a Claim Form will be informed of the progress of the settlement through periodic updates on the website.  Please be patient.

### 11.  What am I giving up to get a payment or stay in the class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against National Business Capital, Inc. about the fax advertisement issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the Claim Form, you will agree to a "Release of Claims," attached to the Claim Form, which describes exactly the legal claims that you give up if you receive compensation from the

Settlement Agreement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue National Business Capital, Inc. on your own about the issues in this case, then you must take affirmative steps to get out.  This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

> **12.  How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded as a Class Member from the *3081 Main Street, LLC d/b/a New England Wine and Spirits v. National Business Capital, Inc.* Settlement.  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than _____, **2014** to:

National Business Capital Exclusions

Tilghman & Co.

P.O. Box ___

Birmingham, AL ____

If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) National Business Capital, Inc. in the future.

> **13.  If I don't exclude myself, can I sue National Business Capital, Inc. for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue National Business Capital, Inc. for the claims that this settlement resolves.  If you have a pending lawsuit, please speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, you must mail your exclusion request postmarked no later than _____, **2014**.

> **14. If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a Claim Form to ask for any money.    But, you may sue, continue to sue, or be part of a different lawsuit against National Business Capital, Inc..

# THE LAWYERS REPRESENTING YOU

> **15.  Do I have a lawyer in this case?**

The Court approved the law firm of Bellin & Associates LLC in White Plains, New York to represent you and other Class Members. These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

> **16.  How will the lawyers and Class Representatives be paid?**

Class counsel will ask the Court to approve payment of up to one-third of the Settlement to them for attorneys' fees and costs, as well as a total payment of $6,000 to 3081 Main Street, LLC for its services as Class Representative. The attorneys' fees and costs would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. These amounts will reduce the settlement fund available for Class Members. National Business Capital, Inc. has agreed not to oppose these fees, costs and payments. Class Counsel will file a Motion for Attorneys' Fees, Litigation Costs and Expenses no later than _____, 2014, 15 days before the date by which you must submit a Claim Form, opt out of the settlement, or object to the settlement's terms. That motion will be available for review as part of the Court's files in this matter at the Office of the Clerk of Court or via PACER, which is the Court's electronic filing database.

# OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I do not like the Settlement?

You can tell the Court that you don't agree with the Settlement Agreement or some part of it. If you're a Class Member, you can object to the Settlement Agreement if you don't like any part of it. You can give reasons why you think the Court should not approve the Agreement. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement Agreement in *3081 Main Street, LLC d/b/a New England Wine and Spirits v. National Business Capital, Inc.*, Civil Action No. 3:12 CV 00531 (JAM). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement Agreement. Mail the objection to these three different places postmarked no later than _____, 2014:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court United States District Court for the District of Connecticut 915 Lafayette Boulevard Bridgeport, CT 06604 | Aytan Y. Bellin Bellin & Associates 85 Miles Avenue White Plains, NY  10606 | Sean R. Caruthers Milan & Winant LLC 471 East Main Street Branford, CT 06405 |

### 18. What's the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement Agreement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend the hearing and you may ask to speak, but you don't have to.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2014, at the United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604.

At this hearing, the Court will consider whether the Settlement Agreement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Meyer will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the Settlement Agreement. We do not know how long these decisions will take.

## 20.  Do I have to come to the hearing?

No. Class Counsel will answer the questions Judge Meyer may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you timely mailed your written objection, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in 3081 Main Street, LLC, d/b/a New England Wine and Spirits v. National Business Capital, Inc." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, **2014**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 18. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 22.  What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against National Business Capital, Inc. about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 23.  Are there more details about the settlement?

This notice summarizes the proposed Settlement Agreement. You may obtain a copy of the Settlement Agreement by writing to National Business Capital, Inc. Settlement, Tilghman & Co., P.O. Box __, Birmingham, AL _____ or by visiting www.nationalbusinessclassaction.net.

## 24.  How do I get more information?

You can call _____ toll free; write to National Business Capital, Inc. Settlement, Tilghman & Co., P.O. Box __, Birmingham, AL _____; or visit the website at www.nationalbusinessclassaction.net, where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a Class

Member and whether you are eligible for a payment.  Do not contact the Court.

DATE: _____, 2014.

# EXHIBIT 3

## **PROOF OF CLAIM & AFFIDAVIT**

**RE: <u>3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS v.</u>**
**<u>NATIONAL BUSINESS CAPITAL, INC.</u>**
**Civil Action No. 3:12 CV 00531 (JAM)**

**IMPORTANT: THIS CLAIM FORM MUST BE <u>POSTMARKED</u> ON OR**
**BEFORE _____, 2014.  THE MAILING ADDRESS IS AS FOLLOWS:**

**NATIONAL BUSINESS CAPITAL SETTLEMENT**
**TILGHMAN & CO.**
**P.O. BOX ____**
**BIRMINGHAM, AL _____**

<u>**NOTE**</u>**:**  If the Claimant has actual copies of the facsimiles received from National Business Capital, Inc. between April 10, 2008 and April 10, 2012, please attach such copies to this Claim Form.  The date of the receipt of such faxes or a date in the text of the faxes that is between April 10, 2008 and April 10, 2012 must be <u>**clearly visible**</u> on the face of each fax to be considered valid.  If Claimant does not have possession of the facsimile, but knows that it received such a facsimile, Claimant must sign and date the Certification below, under penalty of perjury.

To be eligible to receive payment under the proposed Settlement Agreement in this lawsuit, you MUST COMPLETE AND RETURN THIS CLAIM FORM AND THE SUBSTITUTE FORM W-9 ACCOMPANYING THIS CLAIM FORM POSTMARKED **BY _____, 2014**.

If you are asking to be excluded from the Settlement Class, DO NOT submit this Claim Form or the Substitute Form W-9.

Please **print** the following information:

NAME:        _____
(If filing on behalf of a business, please print the name of the business)

STREET ADDRESS: _____

CITY/STATE:_____

ZIP: _____

TELEPHONE:  _____

FAX NUMBER(S) BETWEEN APRIL 10, 2008 AND APRIL 10, 2012:

_____

NAME OF THE PERSON OR BUSINESS IN WHOSE NAME THE ABOVE FAX NUMBERS WERE LISTED BETWEEN APRIL 10, 2008 AND APRIL 10, 2012:

_____
     (If a business, insert the business's name; if an individual, insert the individual's name)

-1

## <u>AFFIDAVIT UNDER PENALTY OF PERJURY</u>

**I hereby certify under penalty of perjury**, that I have not previously entered into a settlement agreement with National Business Capital, Inc. regarding the sending or receipt of facsimile advertisements (as described above) from April 10, 2008 through April 10, 2012 from National Business Capital, Inc., and that I have not previously opted out of the class certified in this litigation.

**I further certify under penalty of perjury**, that I or the business on whose behalf I am completing this Claim Form owned or controlled the relevant fax number at the time, and that I or the entity received the fax advertisement from National Business Capital, Inc.

**I further certify under penalty of perjury,** that:  a) the information that I provided on this Claim Form is correct; and b) that I have the authority to provide the information on this Claim Form and the Substitute Form W-9 and to make this claim on behalf of the business or person in whose name the above fax number(s) was listed.

I further certify under penalty of perjury that between April 10, 2008 and April 10, 2012, I received one (1) fax advertisement from National Business Capital, Inc.

(*The following paragraph is to be filled out ONLY by those claimants who claim to have received more than one (1) fax advertisement received from National Business Capital, Inc.*)

**I further certify under penalty of perjury**, that between April 10, 2008 through April 10, 2012, I received _____ (insert number) fax advertisements from National Business Capital, Inc.

_____         _____
**[YOUR SIGNATURE]**                                      **[YOUR PRINTED**
**NAME] DATE: _____**

-2

## SUBSTITUTE FORM W-9
## REQUEST FOR TAXPAYER IDENTIFICATION NUMBER AND CERTIFICATION

**1.    Please complete general information:**

Taxpayer Name_____ Phone Number_____

Business Name (if applicable)_____

Address_____

City_____ State_____ Zip Code_____

**2.    Circle the most appropriate category below:  (please circle only one)**

1)        Individual (not an actual business)

2)        Sole proprietor

2)        Corporation

3)        Partnership

4)        Limited liability company.  Enter tax classification (D=disregarded entity, C=corporation, P=partnership)

5)        Other:_____

**3.    Fill in your taxpayer identification number below:  (please complete only one)**

1)        If you circled number 1 above, fill in your Social Security Number.

_____-_____ - _____

**2)**        If you circled number 2-5 above, fill in your Federal Employer Identification Number (EIN).

_____ - _____

**4.   Sign and date the form:**

**Certification – I certify under penalty of perjury that:**

**1.    The taxpayer identification number I have given on this form is correct (or I am waiting for a number to be issued to me).**

**2.    I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.**

**Important: Cross out item "2" if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest or dividends on your tax return.**

**3.    I am a U.S. person  (including a U.S. resident alien)**

-3

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Signature _____ Date _____

Title (if applicable) _____

\*\*IMPORTANT Claim Deadline:  Your Completed Claim Form/Substitute Form W-9 Must Be Postmarked No Later Than _____, **2014**.

-4