UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS, on behalf of itself and all others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BUSINESS CAPITAL, INC.,<br>    Defendant. | No. 3:12 CV 0531 (JAM) |

### FINAL APPROVAL ORDER

A Final Approval Hearing was held on November 3, 2015, on a proposed settlement (the "Settlement") of this class action (the "Litigation"), and the issues having been duly heard and a decision having been duly rendered,

IT IS HEREBY ORDERED AND ADJUDGED:

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement and Release ("Settlement Agreement").

2. The Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members.

3. This Court previously gave its preliminary approval to the Settlement Agreement. The Court hereby gives its final approval to the Settlement set forth in the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair, reasonable, and adequate to, and in the best interests of, the Settlement Class, and hereby directs it shall be effectuated in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, shall have the full force of an Order of this Court,

-2-

and shall be effective, binding, and enforced according to its terms and conditions.

4. The Court approves the form and content of the Notice, finding that it fairly and adequately described the terms and effect of the Settlement, gave notice to the Settlement Class of the time and place of the Final Approval Hearing, and described how the recipients of the Notice may opt-out of, or object to approval of, the Settlement.  The Court determines that the Notice Plan was the best notice practicable under the circumstances and included individual notice to all Settlement Class Members who could be identified through reasonable efforts.  Such Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and such notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

5. The Court finds that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied.

6. The Settlement Class certified for settlement purposes was defined as anyone who, from April 10, 2008 through April 10, 2012 was sent or caused to be sent one or more facsimile advertisements by National Business Capital, Inc., its employees, agents, vendors or contractors.

7. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation on the merits and with prejudice.

8. Upon the date of Final Approval, the Settlement Class Representatives and each and every Settlement Class Member who has not timely filed a valid request to be excluded from the Settlement Class or who has rescinded a previous valid opt-out request, shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Parties, and each of them, from all Released Claims.

9. The Court approves Settlement Class Counsel's request for a Fee Award in the amount of $75,000. Payment of the Fee Award shall be made within sixty (60) days of the date of Final Approval, in accordance with the provisions of Paragraph 10 of the Settlement Agreement.

10. The Court approves the payment of $6,000 to Plaintiff 3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS as incentive award for taking on the risks of litigation and helping to achieve the results to be made available to the Settlement Class. The incentive award shall be drawn from the Settlement Fund, and payment of the incentive award shall be made within sixty days (60) days of the date of Final Approval, in accordance with the provisions of Paragraph 11 of the Settlement Agreement.

11. The Court hereby approves the payment of any amounts remaining in Settlement Fund, after 120 days of payment of all eligible claims, attorney's fees and incentive award, to the following *cy pres* charity: Public Citizen for use in connection with consumer fraud and related legal actions.

12. The Court hereby directs the entry of this Final Approval Order based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Approval Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

13. This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or the existence of amount of damages.

14. Without affecting the finality of this Final Approval Order, this Court hereby retains continuing jurisdiction over, *inter alia*: (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Litigation until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

15. Nothing in this Order or the Settlement Agreement shall be construed as limiting or diminishing in any respect: (a) any otherwise existing authority of any State or Territory of the United States, or of the District of Columbia, to pursue legal or equitable remedies in its sovereign capacity relating to the facts and circumstances at issue in this Litigation (a "Sovereign Enforcement Action"); or (b) the rights of any citizen of any State or Territory of the United States, or of the District of Columbia, to seek the initiation of a Sovereign Enforcement Action or to cooperate and assist with the prosecution of a Sovereign Enforcement Action.

16. Defendant is hereby enjoined from advertising by facsimile in violation of the TCPA, 47 U.S.C. § 227, and Conn. Gen. Stat. § 52-570c.

It is so ordered.

Dated at New Haven this 6th day of November 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge